# SUPREME COURT

OF THE

# STATE OF ARKANSAS,

AT THE

## MAY TERM, 1887.

---

### PARALEE v. CAMDEN.

MUNICIPAL CORPORATIONS: *Cannot make prostitute's mere presence a crime.*

A municipal corporation cannot punish, as a criminal offense, the return to the the town or city of a prostitute. The mere presence of such a person in the town limits is not a crime.

APPEAL from *Ouachita* Circuit Court.

B. F. ASKEW, Judge.

*B. W. Johnson* for appellant.

Appellant is charged with no offense. *Buell v. State, 45 Ark., 336.*

The arrest was void and wholly illegal. *Art. 2, sec. 15, Const.*

COCKRILL, C. J.   The town ordinance under which the appellant was convicted is not brought upon the record.   There is no bill of exceptions.   It is disclosed, however, that the appellant was tried upon the charge of "returning to the town of Camden, being a prostitute;" and the finding of facts as set out in the judgment, is as follows, viz.:   "That on or about the 20th day of May, 1886, in said town of Camden, county of Ouachita, State of Arkansas, the defendant, Roxie Paralee, did return to the town of Camden, being a prostitute, which was in direct and open violation of the ordinance of said town."   Upon this finding a fine was adjudged against her.

The statute authorizes the punishment under municipal ordinances of lewd and lascivious behavior in the streets or other public places; and the suppression of indecent and disorderly conduct, but the appellant was not found guilty of any of the offenses enumerated in the statute, nor was she accused of any overt acts.   The power to suppress bawdy and assignation houses is also conferred upon municipalities, and this may be affected by prohibiting the keeping of such places by forbidding the renting of premises for such purposes, by forbidding lewd women to reside therein, and by other like prohibitions.   But there is no power vested in the Camden town council to make Roxie Paralee's mere presence in the town limits a crime, whatever her character for chastity may be.   That was in effect what was decided in *Buell v. State, 45 Ark., 336.*   The charge against the appellant is not an offense punishable by a municipal corporation, and the judgment is reversed and the cause remanded.